IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3063-F

| | |
|---|---|
| T. THORNE-EL and ANTHONY J. WASHINGTON, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | ORDER |
| IRVIN RYAN, Jr., *et al.*, ) ) | |
| Defendants. ) | |

On March 7, 2012, T. Thorne-El and Anthony J. Washington, both inmates in the custody of the State of North Carolina, filed this action under 42 U.S.C. § 1983 against several employees at Polk Correctional Institution. Both plaintiffs requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) [D.E. # 2, 6]. The matter is presently before the court for screening pursuant to § 1915(e).

Section 1915 provides that courts shall review complaints in which the plaintiff seeks to proceed *in forma pauperis* and dismiss any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); see Neitzke v. Williams, 490 U.S. 319, 328 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice,

1

40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-52 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

As far as the court can tell, the complaint is concerned with the failure to return the property of one of the inmates after it was seized in conjunction with a disciplinary investigation. Compl. 4. The "Statement of Claim" portion of the form complaint is written entirely in the first person, and recounts the plaintiff-inmate's dispute with prison officers concerning the seizure of his property and whether it must be returned, as well as the procedures utilized by the prison. The author fails to specifically state which plaintiff is raising the allegations contained in the complaint. There is no specific allegation in the complaint concerning some violation of the rights of any inmate other than the author of the "Statement of Claim" section. The grievance forms provided as exhibits to the complaint, ostensibly to show administrative exhaustion of the claims, confirm that the inmate contending that he was improperly denied access to his property and did not receive "fair procedures" is plaintiff Anthony Washington. The grievance forms list Anthony Washington as the inmate filing the grievance, the "Grievance Statement" is largely consistent with the allegations of

2

the federal complaint, and the grievance was signed by Anthony Washington on January 6, 2012. Thus, the complaint simply fails to allege any claim by or on behalf of plaintiff T. Thorne-El.

On July 16, 2012, plaintiff Anthony Washington sent the court a letter in which he requests that the court "terminate my half of the lawsuit I no longer want to file the lawsuit . . . ." Pet'r's Mot. [D.E. # 16]. The court construes this letter as a motion for voluntary dismissal by plaintiff Anthony Washington. The letter also clarifies that plaintiff "T. Thorne half he still want his lawsuit to continue . . . ." Id. Because the court has not conducted its required frivolity review and the complaint has not been served on the opposing parties, the court finds that plaintiff's motion for voluntary dismissal is well-taken and is due to be granted. However, because the complaint fails to state any claim by or on behalf of inmate T. Thorne-El, the entire complaint must be dismissed for failure to state a claim upon which relief could be granted as to plaintiff T. Thorne-El.

Plaintiff Anthony Washington's motion for voluntary dismissal [D.E. # 16] is GRANTED and the complaint is DISMISSED without prejudice as to plaintiff Washington. Because there is no allegation in the complaint respecting any violation of the rights of plaintiff T. Thorne-El, plaintiff Thorne-El has failed to state a claim upon which relief could be granted. Accordingly, the complaint is DISMISSED pursuant to § 1915(e)(2)(B)(ii) as to plaintiff Thorne-El. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 27 day of September, 2012.

JAMES C. FOX
Senior United States District Judge

3